IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CONNIE J. ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15CV813 |
| ) | |
| DR. IRISH SPENCER, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Dr. Irish Spencer's Motion to Dismiss [Doc. #13] pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). After considering Dr. Spencer's Motion [Doc. #13] and supporting Memorandum [Doc. #14] and Plaintiff Connie J. Elliott's responses in opposition [Docs. #17, 18, 19, 20], the Motion to Dismiss will be denied.

Dr. Spencer is the president and chief executive officer of the Welfare Reform Liaison Project ("WRLP"), a workforce development program in Greensboro, North Carolina. (Mem. [Doc. #14] at 1-2.) Mr. Elliott was a student at WRLP and has asserted claims against Dr. Spencer regarding his termination from the program. As alleged by Mr. Elliott, the following events giving rise to this action occurred on July 9, 2015. (Compl. [Doc. #2].) Mr. Elliott told Dr. Spencer that his younger brother was coming to the school to pick up a prescription of Mr. Elliott's to get it filled, so that Mr. Elliott would not have to walk in the sun. (Id. at

2.) Dr. Spencer agreed to this and walked outside with Mr. Elliott. (Id.) While they were outside but before Mr. Elliott's brother arrived, a group of fellow students arrived to school late. Id. According to the Complaint, Dr. Spencer became angry and threatened to suspend the late students. (Id. at 2-3.) It is unclear from the Complaint exactly when and if Dr. Spencer and Mr. Elliott separated, but at some point after the incident outside the school, Dr. Spencer came to Mr. Elliott's classroom to talk to the students about being late. (Id. at 3.) Then, in front of the entire class and the teacher, Dr. Spencer told Mr. Elliott that he was terminated from the program along with the other students, because Mr. Elliott "was sick and needed rest." Id. Mr. Elliott is a six year cancer survivor, a fact of which Dr. Spencer was aware. Id. The next day, Mr. Elliott returned to WRLP, but left after he was told he was trespassing. Id.

On September 28, 2015, in response to being terminated from WRLP, Mr. Elliott filed the present action. (Compl. [Doc. #2].) On February 10, 2016, after being granted an extension of time to file [December 30, 2015 Text Order], Dr. Spencer filed her Answer [Doc. #9]. Subsequently, Dr. Spencer filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and corresponding Brief in support of that motion. [Docs. #13, 14.] Mr. Elliott filed several documents that can be deemed responses. [Docs. #17, 18, 19, 20, 21.] The time has passed for Dr. Spencer to file any reply to Mr. Elliott's responses. Thus, Dr. Spencer's motion is ripe for review.

A motion to dismiss for lack of subject matter jurisdiction, filed pursuant to Federal Rule of Civil Procedure 12(b)(1), raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). It is the plaintiff's burden to prove jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Jurisdiction can exist under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Arbaugh, 546 U.S. at 513. Section 1331 provides for federal question jurisdiction and section 1332 provides for diversity jurisdiction. Federal question jurisdiction exists when "[a] plaintiff properly . . . pleads a colorable claim arising under the Constitution or laws of the United States." Id. Because Mr. Elliott has asserted a colorable claim under the Americans with Disabilities Act ("ADA"), a federal statute, this Court does have jurisdiction.

Dr. Spencer has also moved to dismiss Mr. Elliott's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N. Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible provided the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is

-3

liable for the misconduct alleged. Id. "[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Title III of the ADA prohibits discrimination based on disability in places of public accommodation, including private schools. 42 U.S.C. § 12181(7)(J). To establish a claim of disability discrimination, Mr. Elliott must show that (1) he has a disability, (2) he is otherwise qualified to receive the benefits of the program, and (3) he was excluded from participation in the program or activity on the basis of his disability. Zimmeck v. Marshall University Bd. of Governors, 632 Fed. Appx. 117, 120 (4th Cir. 2015).

A "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual; . . . a record of such impairment; . . . or being regarded as having such an impairment." 42 U.S.C. § 12102. Cancer is considered an impairment under the ADA, 29 C.F.R. § 1630.2(h)(1), the functioning of one's immune system is a major life activity, 42 U.S.C. § 12102(2)(B), and Congress has instructed the courts to determine whether a limitation is substantial in light of its command to interpret disability broadly, 42 U.S.C. § 12102(4)(B); ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553. Further, "an impairment that is . . . in remission is a

-4-

Case 1:15-cv-00813-NCT-JLW   Document 27   Filed 03/17/17   Page 4 of 6

disability if it would substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D).

The ADA also protects those who are "regarded as" disabled. The statutory definition of "disability" contemplates that an individual qualifies when he is "regarded as having such an impairment." 42 U.S.C. § 12102(1). Accordingly, the statute provides:

> An individual meets the requirements of "being regarded as having such an impairment" if the individual establishes that he or she [1] has been subjected to an action prohibited under this chapter [2] because of an actual or perceived physical or mental impairment <u>whether or not the impairment limits or is perceived to limit a major life activity</u>.

42 U.S.C. § 12102(3)(A) (emphasis added). The Fourth Circuit has explained what it means to be perceived as having a disability:

> One may be "regarded as" disabled under the ADA if either (1) a covered entity mistakenly believes that [one] has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities.

<u>Haulbrook v. Michelin N. Am.</u>, 252 F.3d 696, 703 (4th Cir. 2001)(internal quotations and citation omitted).

The Complaint plausibly supports an inference that when Dr. Spencer terminated Mr. Elliott from the program, she did so with the understanding that he was suffering from a disability. According to the Complaint, Mr. Elliott had a history of cancer which Dr. Spencer was aware of and Dr. Spencer explicitly told him he was terminated from the program because "he was sick." (Compl. [Doc. #2] at 3.)

-5

The next inquiry is whether or not Mr. Elliott was otherwise qualified to receive the benefits of the program. Until his termination, Mr. Elliott was participating in the program, making his qualification a reasonable inference. And, finally, whether the Complaint may be read to assert plausibly that Mr. Elliott was excluded from participation on the basis of his disability is answered directly by the allegation that he was dismissed because he was sick and needed rest.

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim [Doc. #13] is **DENIED**.

This the 17th day of March, 2017.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge